# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOHN W. EDWARDS,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0723** (BOR Appeal No. 2055211)
(Claim No. 2011025028)

**SELCO CONSTRUCTION SERVICES, INC.,**
**Employer Below, Respondent**

# MEMORANDUM DECISION

Petitioner John W. Edwards, by Counsel Lori J. Withrow, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Selco Construction Services, Inc., by Counsel Timothy E. Huffman, filed a timely response.

The issue on appeal is permanent partial disability. The claims administrator granted an additional 3% permanent partial disability award on November 17, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 4, 2020, Order. The Order was affirmed by the Board of Review on August 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

In a January 17, 2011, Employees' and Physicians' Report of Injury, Mr. Edwards, a laborer, indicated he was injured when he tripped over some wires and fell out of a truck. Mr. Edwards was treated at Beckley Appalachian Regional Hospital and was diagnosed with injuries to his right shoulder, elbow, and wrist as well as his back. The claim was held compensable for lumbar sprain/strain, wrist sprain/strain, elbow/forearm sprain/strain, and dislocated shoulder on January 31, 2011.

A right shoulder MRI was performed on February 11, 2011, and showed a rotator cuff tear, a bone contusion of the head of the humerus, and bicipital tendonitis. Mr. Edwards underwent surgery to repair his rotator cuff tear on March 9, 2011. On August 14, 2011, another right shoulder MRI was performed and showed a recurrent rotator cuff tear.

Mr. Edwards received a consultation from Francis Walker, M.D., on August 22, 2011, for right shoulder/arm pain. Dr. Walker found that Mr. Edwards's symptoms could be the result of numerous conditions. He performed a galvanic skin potential, and the results were normal. Ultrasound testing also failed to indicate a specific diagnosis.

Mr. Edwards testified in a June 10, 2013, deposition that he had no injuries to either shoulder prior to January 17, 2011. He stated that he felt right arm pain immediately following the compensable injury. He had surgery and physical therapy. Mr. Edwards testified that he reinjured his right shoulder during physical therapy and had to resort to using his left arm for everything. He stated that while he was moving a trash can, a wheel got stuck, and he injured his left shoulder pulling on the can. An MRI showed a left rotator cuff tear. Mr. Edwards testified that he now has trouble with activities of daily living due to his shoulders. The claims administrator added rotator cuff sprain/strain and right rotator cuff tear to the claim on August 1, 2013.

The Office of Judges reversed the claims administrator's May 16, 2013, grant of an 11% permanent partial disability award, and instead granted a 12% award, representing 5% impairment for the lumbar spine and 7% for the right shoulder on May 22, 2015. Mr. Edwards was also to be referred for another Independent Medical Evaluation to determine if there was any impairment of the right wrist or elbow. In a November 9, 2016, Order, the Office of Judges reversed the claims

administrator's September 3, 2015, grant of a 0% permanent partial disability award and instead granted a 3% award, representing 2% for the right wrist and 1% for the right elbow.

Michael Kominsky, D.C., performed an Independent Medical Evaluation on June 13, 2017, in which he diagnosed recurrent rotator cuff tear, retraction of the bicep tendon, scapularis tendinopathy, right subscapularis fraying, chronic subacromial hypertrophic changes, lumbar disc protrusion, and contusions of the wright wrist, elbow, and shoulder. Dr. Kominsky opined that Mr. Edwards had reached maximum medical improvement and assessed 22% impairment.

In an October 13, 2017, Independent Medical Evaluation, Bruce Guberman, M.D., diagnosed chronic post-traumatic right shoulder strain with rotator cuff and biceps tendon tears and chronic post-traumatic strain of the right elbow, right wrist, and lumbosacral spine. Dr. Guberman opined that Mr. Edwards had reached maximum medical improvement and recommended an additional 3% impairment above the 15% previously granted.

David Crowe, P.A., completed a Diagnosis Update on October 30, 2017, in which he requested the addition of right rotator cuff tear, right shoulder strain, cervical spine pain, and neuropathy to the claim. The claims administrator granted an additional 3% permanent partial disability award on November 17, 2017.

Prasadarao Mukkamala, M.D., performed a Record Review on March 27, 2018, in which he opined that the conditions of right rotator cuff tear, cervical spine pain, and neuropathy should not be added to the claim. Dr. Mukkamala noted that Mr. Edwards had torn his rotator cuff and had it repaired. Dr. Mukkamala stated that Mr. Edwards was determined to be at maximum medical improvement by several physicians. He opined that there was no credible evidence of a cervical spine injury and no credible evidence that Mr. Edwards developed neuropathy as a result of the compensable injury.

In a February 28, 2019, Independent Medical Evaluation, Robert Walker, M.D., found 9% impairment for range of motion. He placed Mr. Edwards in Cervical Category II from West Virginia Code of State Rules § 85-20-E and adjusted the impairment to 8%. For the lumbar spine, Dr. Walker found 11% impairment for range of motion loss and 5% impairment from Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) for a total of 15% impairment. He then placed Mr. Edwards in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and adjusted the rating to 8%. Dr. Walker also found 16% right upper extremity impairment. His total combined recommendation was 29% impairment.

Paul Bachwitt, M.D., performed an Independent Medical Evaluation on September 5, 2019, in which he noted that Mr. Edwards sustained a prior lumbar spine injury in 1998 and underwent an L4-5 fusion. Dr. Bachwitt noted that Mr. Edwards was treated at Rowan Medical Center Emergency Room on May 22, 2017, and reported low back pain that was present for years. Dr. Bachwitt examined Mr. Edwards and found 11% right upper extremity impairment. For the lumbar spine, Dr. Bachwitt placed Mr. Edwards in Category IIB from Table 75 of the AMA *Guides* for 5% impairment. Range of motion measurements were too low to be credible. Dr. Bachwitt placed Mr. Edwards in Lumbar Category II from West Virginia Code of State Rules § 85-20-C and

assessed 5% impairment. Dr. Bachwitt then apportioned half of the impairment for Mr. Edwards's preexisting lumbar fusion and degenerative disc disease. He rounded the 2.5% to 3% impairment. His total impairment assessment for the compensable injury was 14%.

The Office of Judges affirmed the claims administrator's grant of an additional 3% permanent partial disability award for the right upper extremity in its March 4, 2020, Order. It found that Mr. Edwards was previously awarded 5% for the lumbar spine and 7% for the right shoulder. The Office of Judges noted that the four evaluators of record have different specialties. Dr. Bachwitt is an orthopedic surgeon. Drs. Walker and Guberman practice occupational medicine, and Dr. Kominsky is a chiropractor. The Office of Judges found that Dr. Walker erroneously included a noncompensable body part, the cervical spine, in his evaluation. The Office of Judges also found that Mr. Edwards suffered a previous work-related lumbar spine injury in North Carolina for which he underwent a lumbar fusion. The specific amount of impairment he received from the injury is not in the record, but Mr. Edwards did receive a monetary award. The Office of Judges noted that all examiners of record placed Mr. Edwards in Lumbar Category II which has a range of 5 to 8% impairment. All examiners, aside from Dr. Guberman, opined that there should be some apportionment for the prior lumbar fusion. The Office of Judges found that the prior award of 5% impairment for the compensable injury in the claim was reasonable and that Mr. Edwards was not entitled to an additional award.

Regarding the impairment for the right upper extremity, the Office of Judges began by noting that the impairment includes the shoulder, elbow, and wrist. It found that Dr. Kominsky included impairment for sensory deficits, but none of the remaining evaluators of record found such impairment. For the wrist, Dr. Bachwitt was the only evaluator to find no impairment, and Drs. Walker and Guberman found similar impairment for the joint. Dr. Kominsky's impairment assessment for the wrist was high. For the elbow, Drs. Bachwitt, Kominsky, and Guberman's assessments were within the 1-3% impairment range, whereas Dr. Walker found 8%. For the right shoulder, the four evaluators found impairments ranging from 16 to 19% impairment. The Office of Judges concluded that Dr. Walker's assessment could not be used because he included an additional 8% impairment for a noncompensable body part. Considering the remaining reports of record, the Office of Judges concluded that there is insufficient evidence to justify an award greater than the additional 3% granted by the claims administrator. It noted that Mr. Edwards had previously reached maximum medical improvement and his treatment since 2015 has essentially consisted of pain management. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. It is Mr. Edwards's burden to prove that he sustained impairment above and beyond what he has already been granted. The record indicates that Mr. Edwards has been fully compensated by his prior lumbar spine award of 5%, especially considering his prior lumbar fusion. For the right upper extremity, Mr. Edwards was previously granted 7% impairment for the right shoulder. The claims administrator then granted an additional 3% impairment for the right upper extremity. Considering the evaluations of record, the Office of Judges was correct to find that Mr. Edwards failed to sustain his burden of proving that he was entitled to impairment above and beyond the 10% already granted for the right upper extremity.

Affirmed.

**ISSUED: February 25, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment.